## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| PEIR A. PARKER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-316-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 31], filed by Plaintiff on November 17, 2016.

### I. Procedural Background

On August 15, 2016, Plaintiff filed a Complaint with this Court seeking review of the Commissioner's decision denying her claim for disability insurance and supplemental security income benefits. On February 11, 2016, Plaintiff filed an opening brief outlining her arguments for remand. On August 22, 2016, the Court issued an Opinion and Order remanding this matter for further proceedings and judgment thereon was entered. Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the parties had 60 days in which to file an appeal. Neither party filed an appeal.

On November 17, 2016, Plaintiff filed the instant Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). The Commissioner filed a response on December 1, 2016, and on December 6, 2016, Plaintiff field a reply, including a supplemental request for fees incurred in drafting the reply.

In the instant Motion, Plaintiff attorneys' fees for 85.7 hours of work at a rate of $190.20 per hour, and 1.7 hours of legal staff fees at $95.00 per hour, for a total of $16,461.84 The

Commissioner objects, arguing that Plaintiff failed to justify the rate requested and failed to show that certain billed hours were reasonably expended.

**II.     Analysis**

The Equal Access to Justice Act provides that a court shall award attorney fees to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004) ; *Hallmark Constr.*, 200 F.3d at 1078-79.

By obtaining a remand, Plaintiff is considered a "prevailing party." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). Further, there is no dispute that Plaintiff's net worth does not exceed two million dollars. *See* 28 U.S.C. § 2412(d)(2)(B). The Commissioner does not argue that her position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). The Commissioner's sole objection is to the amount of fees requested. Therefore, the only dispute is whether Plaintiff has met her burden of proving that both the hourly rate requested and the number of hours claimed are

reasonable.

    A.     Hourly Rate

Plaintiff requests payment for 85.7 attorney hours at $190.20 per hour and 1.7 hours of legal assistant time at $95.00 per hour. Plaintiff includes affidavits of attorneys who practice in similar areas of law and charge between $250 and $550 per hour, and explains that the statutory EAJA rate increased by inflation amounts to $190.20, the amount he is requesting.

The EAJA provides that an award of attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Seventh Circuit Court of Appeals has interpreted this language to mean that an attorney is not "automatic[ally] entitl[ed] to fee enhancements" or adjustments for inflation. *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). Rather, the EAJA's language regarding the cost of living "reflects an assumption that general measures like the [consumer price index] will provide a reasonably accurate measure of the need for an inflation adjustment in most cases." *Id.* For example, a plaintiff may show the effect of inflation on her attorney's abilities to provide adequate legal services by submitting "evidence of his typical hourly rate, how [her] operating costs have been affected by inflation, what competent lawyers in the relevant geographic area charge, or that no qualified attorney would provide representation in comparable cases at the statutory rate." *Walton v. Colvin*, No. 1:12-CV-688, 2013 WL 1438103, at *4 (S.D. Ind. Apr. 9, 2013). The decision to set an hourly rate at the national or regional prevailing rate is left to the discretion of the district court. *Sprinkle*, 777 F.3d at 428, n2.

The Commissioner argues that the Court should apply a cost of living value for the midwest urban area to obtain a value of $184.00 for January 2016, rather than the $190.20 requested, which reflects the national average rate of inflation. Plaintiff points out that the Commissioner does not cite any cases from the Northern District of Indiana that apply the regional CPI, and argues that its proposed rate is appropriate. The Court concludes that the affidavits provided by Plaintiff's attorney, which the Commissioner does not challenge, "are more than sufficient evidence" that the hourly rate he requests is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience. *Sprinkle*, 777 F.3d at 428. Accordingly, the Court will not reduce Plaintiff's requested hourly rate.

      B.      <u>Reasonableness of Hours Expended</u>

The Commissioner also argues that the number of hours billed, 85.7 hours of attorney time, are not reasonable. The Commissioner argues that the case was routine, that the 31.7 hours reading the record and doing the research before beginning to draft was excessive, and that the 12 hours reviewing and editing the brief are not chargeable. The Commissioner requests that the Court reduce the 81.8 hours spent on briefing by 20 hours to bring the hours within the high end of fee awards in the Seventh Circuit, particularly given the extensive experience of the lead attorney.

Plaintiff argues that there are over 2000 pages of medical records in this case, longer than most administrative records in similar cases. In addition, she points out that the law firm did not represent Plaintiff at previous stages of the case, so review of the record was required before briefing began. She also argues that the detailed and lengthy opening brief included many citations to the record, and that it would have taken much longer had the senior attorney not had as much experience as he does.

A court should exclude from the "fee calculation hours that were not 'reasonably expended.'" *Hensley v. Ekerhart*, 461 U.S. 424, 434 (1983) (quoting S. Rep. No. 94-1011, p. 6 (1976)); *accord Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The burden remains with Plaintiff to prove that the hours were "reasonably expended." *Hensley*, 461 U.S. at 437. Additionally, "'[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority.'" *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)) (emphasis in original). Accordingly, a party requesting attorney's fees should make a good-faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 437.

In this case, although the record was longer than many others, the case itself was not markedly more complicated, and nothing about the case indicates that it was so unusual as to require more than 30 hours of reviewing the record before drafting the brief, in addition to more than 30 hours drafting and editing the opening brief. This amount of time is excessive, and does not appear in line with what an attorney would properly bill a client for similar work. Accordingly, the Court will reduce the time spent on reviewing the record and preparing the opening brief by 20 hours, as requested by the Commissioner, to bring the attorney time spent to the high end of the range of typical fee awards in the Seventh Circuit. *See Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (explaining that 40 to 60 hours is the standard range of attorney hours for Social Security litigation in the Seventh Circuit). Accordingly, the Court finds that it is reasonable to grant Plaintiff's fee request as to 65.7 attorney hours and 1.7 legal assistant hours.

C. Supplemental Request

Plaintiff's attorney represents that he spent 1.2 hours drafting the reply brief. At the requested hourly rate of $190.20, this amounts to a supplemental fee request of $228.24. Accordingly, the supplemental request will be incorporated into Plaintiff's EAJA award.

**III. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 31] and the supplemental fee request in her reply [DE 33] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $12,885.88 in fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy a pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to the offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her attorney.

SO ORDERED this 20th day of April, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record